(No. 3885 and No. 3886—

MILDRED ANN FORRESTER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1946.*

J. W. KOUCKY, Chicago, Illinois, attorney for claimant.

GEORGE F. BARRETT, Attorney General, for respondent; WILLIAM L. MORGAN, Assistant Attorney General, of counsel.

DAMRON, J.

On October 13, 1944 this claimant filed two complaints in this Court.

She alleges that she has had two accidents while in the course of her employment at the Chicago State Hospital, Chicago, Illinois. Both of the alleged injuries were to her right hand. Complaint No. 3885 avers that her right hand was injured on January 22, 1944.

Complaint No. 3886 avers that her right hand was again injured on September 7, 1944.

The evidence offered on behalf of claimant and respondent is so intermingled that we have elected to consolidate both complaints.

Claimant testified on direct examination that on January 22, 1944 while attempting to make a patient arise from bed the patient attacked her causing her to fall, fracturing the third metacarpal bone of the middle finger of the right hand. As a result of this accident she lost four weeks employment, but was paid her full salary and furnished all necessary medical services. She further testified that this injury and the subsequent injury of September 7, 1946, which involves the same hand, has compelled her to write with her left hand instead of her right; that the finger felt tight and seemed to drag; that one of the knuckles of the hand was depressed and that the little finger does not extend as fully as it should and the third finger hurt her all the time; that prior to the accident her hand was normal.

Doctor Albert C. Fields, called on behalf of claimant, testified that he made an examination of the claimant on September 20, 1944 for the purpose of testifying. He testified that he took an X-ray film of claimant's right hand on the same day. This X-ray was introduced in evidence and read by this medical witness. He said it

shows a line in the third metacarpal bone which in his opinion was suggestive of bone injury. When asked if it was a fracture he answered:

"It is my opinion it is a fracture which is fairly well healed."

He was asked the following question.

Q. "Doctor, is this fracture causing this disability that you speak of?"

A. "The fracture plus the injury to the soft tissues the ligaments and the tendons and the joint spaces. It is more of a soft tissue injury than it is a fracture, because the fracture has healed."

In reply to a question he estimated the functional loss of use of claimant's right middle finger to be a certain percentage, to which the respondent objected. The question and answer was improper and the objection will be sustained. He further testified that claimant lacks about three-quarters of an inch of bringing the tip of the finger to the palm of her hand, but there was no swelling present at the time of his examination. He testified further that the condition that he found was permanent.

Doctor Benjamin Cohen was called as witness on behalf of the respondent who testified that on January 22, 1944 he examined claimant and she told him about having had an accident. He examined her right hand and ordered an X-ray which revealed a fracture. Another X-ray film was taken on his orders on February 15, 1944, a progress study, an X-ray film of the right hand revealed a proper healing of the third metacarpal bone. The above testimony was taken in Chicago on November 4, 1945.

On November 10, 1945 additional testimony was taken in Chicago in support of complaint No. 3886 under which an award is sought for temporary total disability and for loss or loss of use of her right hand under Paragraph (e) Section 8 of the Workmen's Compensation Act.

Doctor Albert C. Fields was called on behalf of claimant, who again referred to his examination of claimant's right hand on September 20, 1944 which was thirteen days subsequent to the alleged injury of September 7, 1944 which is now under consideration under Complaint No. 3886. He testified that he found she had suffered some loss of grip in her hand and some loss of strength due to muscular strain that he assumed was caused by the second injury.

Doctor Benjamin Cohen was called as a witness on behalf of the respondent who testified that on September 7, 1944 the claimant told him that a disturbed patient twisted the second finger of her right hand. He found some swelling and tenderness of the finger and an X-ray film taken at that time was negative for fracture. However, this claimant was referred to Doctor P. S. Procopie an orthopedic surgeon who made an examination on September 15, 1944 of claimant's right hand.

Doctor Procopie filed his findings of this examination which is as follows:

"Examination of the right hand doesn't show any laceration, deformity or abnormality. X-ray picture fails to show fracture or dislocation. Function of the right hand is normal. (100% normal.) DIAGNOSIS: Simple muscular strain. No disability." Signed Doctor P. S. Procopie.

We have carefully considered this record. Upon examination of the X-ray exhibit we find that it shows no bone pathology and the testimony of this claimant must be considered as subjective, and her complaints are not supported by the medical testimony offered on behalf of the respondent. Claims under the Workmen's Compensation Act must be proven by a preponderance of the evidence. Section 8, Paragraph (i-3) of the Act provides:

"That all compensation payments named and provided for in paragraphs (b), (c), (d), (e), and (f) of this section, shall mean and be

defined to be for injuries and only such injuries as are proven by competent evidence, of which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself."

This Court has consistently followed this section of the Act in claims which have been brought before it. *Peck* vs. *State,* 10 C. C. R. 56; *Wasson* vs. *State,* 10 C. C. R. 57; *Musick* vs. *State,* 13 C. C. R. 34; *Nichols* vs. *State,* 13 C. C. R. 80.

The evidence in this record does not support her claim of permanent partial disability to her right hand. The claimant having failed to prove her claim, an award is therefore denied in complaint No. 3885 and in complaint No. 3886.